The STATE of Ohio, Appellee,

v.

DOMMER, Appellant.

[Cite as State v. Dommer, 162 Ohio App.3d 404, 2005-Ohio-4073.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2004CA00384.

Decided Aug. 1, 2005.

John D. Ferrero, Stark County Prosecuting Attorney, and Patricia C. Melia, Assistant Prosecuting Attorney, for appellee.

Frederick M. Pitinii, for appellant.

---

Edwards, Judge.

{¶ 1} Defendant-appellant, Jason Dommer, appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of illegally manufacturing or processing explosives. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On October 22, 2004, the Stark County Grand Jury indicted appellant on one count of illegally manufacturing or processing explosives in violation of R.C. 2923.17(B), a felony of the second degree, and one count of inducing panic in violation of R.C. 2917.31(A)(3), a misdemeanor of the first degree. The charges arose after appellant and his codefendant, Anthony Young, created a "bottle bomb" by putting aluminum foil and toilet-bowl cleaner in a plastic bottle, capping the bottle, and then shaking it. The two then threw the bottle onto a sidewalk near a school, where it exploded. At his arraignment on October 29, 2004, appellant entered a plea of not guilty to the charges.

{¶ 3} Thereafter, on November 18, 2004, appellant filed a motion to dismiss, arguing that "the facts do not warrant an indictment under R.C. 2923.17(B)." Appellant specifically asserted that the bottle bomb was not an "explosive device" as defined by R.C. 2923.11(H). Appellant also referred the trial court to R.C. 2923.11(M).

{¶ 4} After the trial court denied his motion, appellant, on December 6, 2004, entered a plea of no contest to both charges contained in the indictment. As memorialized in a judgment entry filed on December 13, 2004, appellant was sentenced to four years in prison.

{¶ 5} On December 17, 2004, appellant filed a motion to reconsider, asking the trial court to reconsider its decision denying appellant's motion to dismiss. Appellant argued that the bottle bomb was not an "explosive" as defined by R.C. 2923.11(M). According to a judgment entry filed on December 21, 2004, the trial court denied the motion.

{¶ 6} Appellant now raises the following assignment of error on appeal:

{¶ 7} "The trial court committed reversible error when it overruled defendant/appellant's motion to dismiss."

I

{¶ 8} Appellant, in his sole assignment of error, argues that the trial court committed reversible error in overruling appellant's motion to dismiss. We agree.

{¶ 9} As is stated above, appellant was indicted on one count of illegally manufacturing or processing explosives in violation of R.C. 2923.17(B). That section states as follows: "No person shall manufacture or process an explosive at any location in this state unless the person first has been issued a license, certificate of registration, or permit to do so from a fire official of a political subdivision of this state or from the office of the fire marshal." In turn, R.C. 2923.11(M) defines an "explosive" as "any chemical compound, mixture, or device, the primary or common purpose of which is to function by explosion. 'Explosive' includes all materials that have been classified as class A, class B, or class C explosives by the United States department of transportation in its regulations and includes, but is not limited to, dynamite, black powder, pellet powders, initiating explosives, blasting caps, electric blasting caps, safety fuses, fuse igniters, squibs, cordeau detonant fuses, instantaneous fuses, and igniter cords and igniters. *'Explosive' does not include 'fireworks,' as defined in section 3743.01 of the 'Revised Code, or any explosive that is not subject to regulation under the rules of the fire marshal adopted pursuant to section 3737.82 of the Revised Code."* (Emphasis added.)

{¶ 10} We concur with appellant that the bottle bomb does not fit within the definition of "explosive" contained in R.C. 2923.11(M). R.C. 2923.11(M) states that, as used in R.C. 2923.17, the term " 'Explosive' does not include 'fireworks,' as defined in section 3743.01 of the Revised Code, or any explosive that is not subject to regulation under the rules of the fire marshal * * *." Appellee does not dispute that none of the materials in this case that were used to make the bottle bomb, including toilet-bowl cleaner containing hydrochloric acid, are subject to the rules and regulations of the fire marshal. Nor, as noted by appellant, are they classified as an "explosive" by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. Rather, the materials used in the case sub judice were all common household items readily available at a grocery store.

{¶ 11} We further note that at least one court has held that a bottle bomb created by placing toilet-bowl cleaner containing hydrochloric acid and aluminum foil into a bottle was a "dangerous ordnance" as defined by R.C. 2923.11(K)(2). See *In re Travis* (1996), 110 Ohio App.3d 684, 675 N.E.2d 36. In *Travis*, the appellant was charged with possession of a dangerous ordnance in violation of R.C. 2923.17(A). R.C. 2923.11(K)(2) defines a "dangerous ordnance" as including "[a]ny explosive device." The appellant in *Travis* specifically argued that the

bottle bombs were not "explosive devices" as defined by R.C. 2923.11(H). That section defines an "explosive device" as "any device designed or specially adapted to cause physical harm to persons or property by means of an explosion, and consisting of an explosive substance or agency and a means to detonate it. 'Explosive device' includes without limitation any bomb, any explosive demolition device, any blasting cap or detonator containing an explosive charge, and any pressure vessel that has been knowingly tampered with or arranged so as to explode." In *Travis*, the court held that a bottle bomb was an "explosive device" and thus a "dangerous ordnance".

{¶ 12} Under the Revised Code, "explosive device" does not have the same definition as "explosive;" rather, each has a separate and distinct definition. We find that the bottle bomb in this case was not an "explosive" as defined by R.C. 2923.11(M).

{¶ 13} We find, therefore, that the trial court erred in denying appellant's motion to dismiss.

{¶ 14} Appellant's first assignment of error is, therefore, sustained.

{¶ 15} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings.

Judgment reversed<br>and cause remanded.

FARMER and WISE, JJ., concur.